CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
October 26, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROGER C. BALTHIS, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00501 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DUFFIELD REGIONAL JAIL, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Roger C. Balthis, Jr., Pro Se Plaintiff.*

The plaintiff, a former inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983, against Duffield Regional Jail and CO Akers, seeking compensation for defamation and harassment based on the allegation that Akers called him a child molester. Balthis has also filed an application to proceed in forma pauperis, Dkt. No. 8. Upon review, I will grant the application to proceed in forma pauperis but will dismiss the Complaint without prejudice for failure to state a claim on which relief may be granted.

Under 28 U.S.C. § 1915(e), the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But, even under this less stringent standard, pro se claims are subject to sua sponte dismissal "at any time" if the court determines that the complaint "fails to

state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth sufficient factual allegations against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

First, Balthis has named Duffield Regional Jail as a defendant. But a jail does not qualify as a "person" subject to being sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983); *see also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and, thus, "lacks the capacity to be sued as a jail."). Therefore, Balthis's claims against Duffield Regional Jail must be dismissed.

Balthis's claims against Akers must, likewise, be dismissed. Balthis alleges that Akers called him a child molester, and that such a statement is untrue. He seeks relief under a "defamation of character" theory and for "being harassed and

stressed." Compl. 3, Dkt. No. 1. However, without demonstrating a constitutional injury, claims of defamation are not actionable under § 1983. *Fortune v. Clarke*, No. 7:19-cv-000481, 2021 WL 4453619, at *3 n.1 (W.D. Va. Sept. 29, 2021) (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)). Furthermore, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 179 (4th Cir. 2005); *see also Allison v. Carico*, No. 7:12CV00601, 2013 WL 3873140, at *4 (W.D. Va. July 25, 2013) (summarily dismissing claims of verbal abuse where a prisoner alleged that officials referred to him as a child molester, among other things). Thus, because Balthis has failed to set forth any factual allegations that Akers violated his constitutional rights, he has failed to state a claim under § 1983.

For the reasons stated, Balthis has failed to state a claim on which relief may be granted, and his Complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Judgment will be entered.

ENTER: October 26, 2026

/s/ JAMES P. JONES
Senior United States District Judge